IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

SARA MURRAY, G.E.M., C.M.M.,

        Plaintiffs,

        v.

UNITED STATES DEPARTMENT OF
JUSTICE, FEDERAL BUREAU OF
INVESTIGATION, KASH PETAL, in his
official capacity as Director of the FBI, and
PAM BONDI, in her official capacity as U.S.
Attorney General,

        Defendants.

_____

Case No. 6:25-cv-924-MC

OPINION AND ORDER

MCSHANE, Judge:

      Self-represented Plaintiff, Sara Murray, seeks leave to proceed *in forma pauperis* ("IFP")
in this action against the U.S. Department of Justice, the Federal Bureau of Investigation, the
Director of the FBI, and the U.S. Attorney General. Before the Court, in addition to Plaintiff's
Complaint, is Plaintiff's Application for Leave to Proceed IFP, Plaintiff's Motion for ADA
Accommodations and Appointment of Pro Bono Counsel, and Plaintiff's Motion to File Document
Under Seal, ECF Nos. 1–3, 7. Although the Court finds that Plaintiff is eligible to proceed IFP,
Plaintiff has failed to establish that she has valid, nonfrivolous claims against Defendants.
Accordingly, Plaintiff's Application for Leave to Proceed IFP, ECF No. 2, is GRANTED, but her
Complaint, ECF No. 1, is DISMISSED with prejudice.

## BACKGROUND

Plaintiff Sara Murray[1] is no stranger to the IFP process. She has initiated at least six federal lawsuits since December 2023 across three judicial districts—the Western District of Washington, the Northern District of California, and here in the District of Oregon. Each case relates to the same fact pattern: Plaintiff is attempting to challenge custody proceedings in Washington State court that granted custody of Plaintiff's children to their father, Plaintiff's ex-husband.

Plaintiff first brought suit in the District of Oregon, but the case was transferred to the Western District of Washington where venue was proper. *Murray v. King Cnty. Superior Ct.*, No. 24-239, 2024 WL 3792907 (W.D. Wash. Aug. 13, 2024). There, Judge Whitehead advised Plaintiff that a federal court cannot review child custody decrees, that many of the officials she named as defendants are immune from suit, and that the Americans with Disabilities Act ("ADA") and Rehabilitation Act do not apply to the conduct challenged. *Id.* In response, Plaintiff moved for Judge Whitehead's recusal and accused him and all Washington judges of exhibiting bias toward her. *Murray v. King Cnty. Ct.*, No. 24-239, 2024 WL 4144153 (W.D. Wash. Sept. 11, 2024).

Plaintiff then initiated several other lawsuits alleging disability discrimination and constitutional violations against dozens of individuals, judges, and agencies for failure to provide ADA accommodations, including appointment of pro bono counsel, and failure to prosecute an alleged conspiracy by the dozens of individuals involved in Plaintiff's custody dispute and the litany of claims she initiated thereafter. *See, e.g.*, *Murray v. Murguia*, No. 25-1364, 2025 WL 1101515 (N.D. Cal. Mar. 12, 2025) (ADA claims against judiciary for failure to appoint Plaintiff counsel); *Murray v. Supreme Ct. of Wash.*, No. 25-5074, 2025 WL 745562 (W.D. Wash. Mar. 7,

---

[1] Plaintiff also attempts to bring claims on behalf of her minor children, G.E.M. and C.M.M., but self-represented parties may not proceed on behalf of others. *See Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997); *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). Accordingly, this Opinion refers only to Plaintiff Sara Murray unless otherwise specified.

2025) (same); *Murray v. Whitehead*, No. 25-312, 2025 WL 949409 (W.D. Wash. Mar. 27, 2025) (same); *Murray v. U.S. Att'y's Off.*, No. 25-259, 2025 WL 774918 (W.D. Wash. Mar. 11, 2025) (ADA and constitutional claims against U.S. Attorney's Office and others for discrimination and failure to prosecute alleged conspiracy). In each case, the court informed Plaintiff of the deficiencies in her claims, dismissed them, and afforded Plaintiff leave to amend with instructions on how to remedy the deficiencies. Plaintiff never complied with those instructions and instead continued to assert bias, insist that the judges recuse themselves, and file new lawsuits.

Now, Plaintiff returns to federal court for her seventh case in two years, continuing to allege a conspiracy related to the above events.

## LEGAL STANDARD

This Court has discretion in deciding whether to grant IFP. *See O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, pursuant to § 1915(e)(2)(B), the court must screen the complaint to determine whether the plaintiff has raised a cognizable legal claim. *See, e.g.*, *O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008). "[T]he court shall dismiss the case at any time if the court determines that" the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B). The Court construes pleadings by self-represented plaintiffs liberally and affords the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

## DISCUSSION

### I. Plaintiff's Motion to Proceed IFP

The Court is satisfied by Plaintiff's representation that she has "disability-related limitations and worsening financial hardship." Mot. Proceed In Forma Pauperis 2. Plaintiff's Motion to Proceed IFP is GRANTED, and the Court moves on to screen Plaintiff's Complaint for claims that are frivolous or fail to state a claim for relief.

### II. Plaintiff's Complaint

A complaint is frivolous "if it lacks an arguable basis either in law or in fact," and the Court applies the familiar standard under Fed. R. Civ. P. 12(b)(6) when considering Plaintiff's claims. *Cato v. U.S.*, 70 F.3d 1103, 1106 (9th Cir. 1995); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Under that standard, the Court takes as true all allegations of material fact and construes them in the light most favorable to the plaintiff. *Id.* Legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Dismissal is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison*, 668 F.3d at 1112.

Plaintiff attempts to bring claims against the FBI and its director, Kash Patel, the U.S. Department of Justice, and U.S. Attorney General Pam Bondi. Plaintiff alleges that each "agency deflected, retaliated, or suppressed Plaintiff, forming an unconstitutional, closed-loop structure that denied her and her children access to justice, safety, and family unity." Compl. 6. She claims that the DOJ and FBI "received actual and constructive notice of an ongoing, procedurally admitted RICO and 42 U.S.C. § 1983 conspiracy targeting Plaintiff," but she does not offer any facts to support her theory of a conspiracy.

Plaintiff alleges that she sought ADA accommodations in the form of a criminal

psychology expert and legal advocacy and that no such accommodations were provided. *Id.* at 10–12. "Defendants DOJ and FBI have failed to intervene, investigate, or accommodate," allegedly "in violation of their obligations under Title II of the ADA, Section 504 of the Rehabilitation Act, the Eighth and Fourteenth Amendments, and binding international obligations under the ICCPR, CAT, and 8 C.F.R. §208.18." *Id.* at 13. Plaintiff seeks a Temporary Restraining Order "[h]alting further federal inaction and requiring provisional protection of Plaintiffs"; a preliminary and permanent injunction requiring Defendants DOJ and FBI to "initiate an immediate, full-scope investigation" of the alleged conspiracy and to "[c]oordinate immediate and covert recovery (extraction) of [Plaintiff's children] G.E.M. and C.M.M., without advance notice to [their father and legal custodian] Alexander Murray"; a declaratory judgment that Defendants have violated the Constitution and federal and international law; and a reassignment of all related civil actions to a venue outside the State of Washington. *Id.* at 21–22.

Plaintiff's current claims fail for many of the same reasons that her previous claims failed. First, as Plaintiff has been told numerous times, her ADA claims fail because the federal government is not a "public entity" under the ADA and Title II does not apply to federal Defendants. *See, e.g.*, *Clagett v. Woodring*, No. 08-6251, 2008 WL 11461743, at *4 (C.D. Cal. Oct. 29, 2008) ("[T]he definition of 'public entity' set forth in Title II of the ADA does not include the federal government. This statutory language has been held to clearly establish that Title II of the ADA is inapplicable to the federal government, its agencies, and its officers and employees.") (citing cases).

Second, Plaintiff does not sufficiently allege a claim under the Rehabilitation Act. That Act provides that no individual "shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination . . . under any program

or activity conducted by any Executive agency[.]" 29 U.S.C. § 794(a). Plaintiff must demonstrate that "(1) [s]he is an individual with a disability; (2) [s]he is otherwise qualified to receive the benefit; (3) [s]he was denied the benefits of the program solely by reason of [her] disability; and (4) the program receives federal financial assistance." *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001). Plaintiff alleges that she has an ADA-covered disability, but never specifies what that disability is or why she qualifies for accommodations. She alleges that Defendants denied her "reasonable accommodations in communications and legal processes, and failed to ensure program access and investigatory protection on the basis of disability[.]" Compl. 18. But the only programs or activities Plaintiff alleges Defendants denied her were "trauma-informed reporting, legal advocacy, and protective response," and a "criminal psychology expert[.]" *Id.* at 11. Plaintiff alleges that she was able to submit "written and electronic submissions through the DOJ tip portal, direct phone calls, emails, and mailed reports," in addition to submitting information through the FBI's online tip portal, directly emailing the FBI, submitting a formal criminal complaint to the FBI, and "repeatedly contact[ing] the U.S. Department of Justice through its online complaint portals, by email, phone, and formal correspondence." *Id.* at 11–12. Plaintiff also alleges that the Portland FBI office conducted a phone interview with her, and that she received automated responses and "unexplained refusals to investigate." *Id.* at 12.

These allegations demonstrate that Plaintiff was able to access the services and benefits of Defendants FBI and DOJ and that she is merely challenging the agencies' refusal to prosecute the alleged crimes, not their alleged refusal to provide accommodations. Plaintiff has not demonstrated that she was "qualified to receive the benefit[s]" that were denied to her, i.e., that she was owed a formal investigation and prosecution of the alleged conspiracy. In essence, Plaintiff seeks as a "reasonable accommodation" a court-ordered investigation and prosecution, including specialized

psychology experts and pro bono counsel, but neither the Rehabilitation Act nor the ADA require such accommodations.

Third, Plaintiff's § 1983 claims fail because § 1983 applies only to state, not federal actors. *Morse v. N. Coast Opportunities, Inc.*, 118 F.3d 1338, 1343 (9th Cir. 1997) ("Section 1983 provides a cause of action against any person 'acting under color of State law' . . . by its very terms, § 1983 precludes liability in federal government actors."). Even construing Plaintiff's § 1983 claims liberally and interpreting them as claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the claims do not survive. *Bivens* allows damages suits against federal officials acting in their individual capacities, but here, Plaintiff does not seek damages. Rather, she seeks declaratory and injunctive relief, which *Bivens* does not allow. *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007) (*Bivens* does not apply to suits seeking to enjoin official action and the federal court lacks subject matter jurisdiction based on sovereign immunity).

To the extent that Plaintiff alleges constitutional violations based on Defendants' inaction, she has no claims there, either. Plaintiff's allegations are far too vague and conclusory to find that Defendants acted unlawfully, and even if they were not, Plaintiff has no right to sue the DOJ and FBI over their refusal to investigate and prosecute the alleged conspiracy. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 f.2d 266, 268 (9th Cir. 1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss."); *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 768 (2005) ("The benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause[.]"); *ICC v. Brotherhood of Locomotive Eng'rs*, 482 U.S. 270, 283 (1987) (courts may not review prosecutor's decision not to prosecute); *State of California v. United States*,

104 F.3d 1086, 1094 (9th Cir. 1997) (courts may not review government's alleged failure to enforce laws); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

Going one step further and assuming Plaintiff intended to sue under the Administrative Procedure Act, 5 U.S.C. §§ 701–706, Plaintiff's claims fare no better because she has not alleged any unlawful agency action. *See Heckler v. Chaney*, 470 U.S. 821, 832 (1985) ("[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion" and thus "presumed immune from judicial review under [the APA].").

Fourth, Plaintiff's claims under international law also fail. Plaintiff alleges violations of the Convention Against Torture ("CAT"), 8 C.F.R. § 208.18, and the International Covenant on Civil and Political Rights ("ICCPR"). Plaintiff's claim under 8 C.F.R. § 208.18 fails because Plaintiff has not alleged that she suffered "torture" as defined in § 208.18(a). Further, the CAT and ICCPR are not subject to judicial enforcement because they were ratified "on the express understanding that [they] [were] not self-executing and so did not [themselves] create obligations enforceable in the federal courts." *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 735 (2004) (discussing the ICCPR); *Nevius v. McDaniel*, 218 F.3d 940 (9th Cir. 2000) (denying certificate of appealability where court denied petitioner's claim of a violation of the CAT); *Boiko v. Santa Cruz Cnty.*, No. 18-3324, 2018 WL 9563235, at *2 (N.D. Cal. June 21, 2018) (noting that the Convention Against Torture "is not self-executing and does not create judicially enforceable rights unless given effect by implementing legislation").

Finally, Plaintiff's purported claims against Defendants John and Jane Does 1–20 must also be dismissed. Though Plaintiff was not required to name each Doe Defendant when filing her

Complaint, she was required to allege enough information to show that *someone* violated her rights. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (noting that dismissal is appropriate where "even if Doe's identity is discovered, the complaint would have to be dismissed on other grounds"). As with the named Defendants, Plaintiff failed to allege sufficient facts to state a claim that any of the Doe Defendants violated Plaintiff's rights.

Because there is no reading of Plaintiff's Complaint that could breathe life into her claims, her Complaint is DISMISSED.

### III. Plaintiff's Motion for ADA Accommodations and Appointment of Pro Bono Counsel

Plaintiff asks the Court to appoint pro bono counsel under Fed. R. Civ. P. 17(c)(2) and 28 U.S.C. § 1915(e)(1), recognize Plaintiff as next friend for her minor children G.E.M. and C.M.M., and expedite these proceedings. Mot. ADA Accommodations 1–2, ECF No. 3.

Plaintiff has been told before that the ADA and Rehabilitation Act do not apply to the federal courts, that she is not entitled to appointment of counsel, and that the Court may "request" counsel for indigent litigants only in "exceptional circumstances." *Murray v. U.S. Att'y's Off.*, 2025 WL 774918, at *3 (internal quotation marks and citations omitted). To determine whether exceptional circumstances are present, the Court considers both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate [her] claims pro se in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (internal citation and quotation marks omitted).

As discussed above, Plaintiff has not demonstrated a likelihood of success on her claims. And it is evident that Plaintiff's claims fail not because she has trouble articulating them, but because no valid claims exist for the conduct Plaintiff is challenging. Accordingly, the Court declines to appoint pro bono counsel. Because Plaintiff is not represented by counsel, she may not

represent others in legal matters, including her children. *See Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997); *C.E. Pope Equity Tr. v. United* States, 818 F.2d 696, 697 (9th Cir. 1987). In sum, Plaintiff's Motion for ADA Accommodations and Appointment of Pro Bono Counsel is DENIED.

## IV. Denial of Leave to Amend & Revocation of IFP Status

When dismissing a self-represented plaintiff's complaint, the Court must give the plaintiff leave to amend unless it is "absolutely clear" that amendment could not cure the defects. *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). But "district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).

Here, it is abundantly clear that Plaintiff's claims are futile and that no amendment could cure the above defects. Plaintiff, in this case and others, is asking federal agencies, officials, and courts to intervene with the custody determination of Washington State courts and prosecute those involved for a conspiracy that is, to date, unsupported by anything more than conclusory allegations. Significant court resources have already been spent on Plaintiff's unsubstantiated claims, which remain frivolous despite myriad opportunities to amend. It is "absolutely clear" that Plaintiff cannot amend her claims in a way that would allow them to survive, so Plaintiff's Complaint is DISMISSED with prejudice and without leave to amend.

## CONCLUSION

Plaintiff's Application for Leave to Proceed In Forma Pauperis, ECF No. 2, is GRANTED. Plaintiff's Complaint, ECF No. 1, fails to state a claim and no amendment could cure the deficiencies therein, so the Complaint is DISMISSED with prejudice. Plaintiff's Motion for ADA Accommodations and Appointment of Pro Bono Counsel, ECF No. 3, is DENIED. Plaintiff's

Motion to File Document Under Seal, ECF No. 7, is DENIED as moot. Any appeal of this Order or Judgment dismissing this action would be frivolous and not taken in good faith. 28 U.S.C. § 1915(a)(3). Plaintiff's IFP status is REVOKED.

IT IS SO ORDERED.

DATED this 17th day of July 2025.

_____s/Michael J. McShane_____
Michael McShane
United States District Judge